# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

**KELCY WILBORN**                                                         **PETITIONER**

**v.**                                             **No. 3:06CV26-M-A**

**STATE OF MISSISSIPPI, ET AL.**                               **RESPONDENTS**

## ORDER DENYING STATE'S
## MOTION TO DISMISS

This matter comes before the court on the *pro se* petition of Kelcy Wilborn (# 81762) for a writ of *habeas corpus* under 28 U.S.C. § 2254. The state moved on June 21, 2006, to dismiss the petition as untimely filed. The petitioner has responded, and the matter is ripe for review. For the reasons set forth below, the state's motion to dismiss shall be denied.

**Facts and Procedural Posture**

Kelcy Wilborn[1] was convicted of sale of cocaine in the Circuit Court of Lafayette County, Mississippi, and, on April 11, 2002, he was sentenced as a habitual offender to serve thirty years without parole in the custody of the Mississippi Department of Corrections. On September 23, 2003, the Mississippi Court of Appeals affirmed Wilborn's conviction in part and remanded in part for resentencing because the trial court had sentenced the petitioner as a habitual offender without first holding a hearing. *Wilburn v. State,* 856 So.2d 686 (Miss.App.2003) (2002-KA-01117). On remand, the trial court held a hearing October 23, 2003, regarding the petitioner's status as a habitual offender. *The trial court did not, however, enter a new sentencing order at that time*. On October 7, 2005, the petitioner filed in the Mississippi Supreme Court an

---

[1]A.k.a. Kelcy Wilburn.

application for leave to proceed with his post-conviction claims in the trial court. The motion was denied October 27, 2005. Wilborn filed the instant federal petition for a writ of *habeas corpus* March 3, 2006. Finally, on May 5, 2006, the trial court entered a sentencing order based on the findings from the October 27, 2003, hearing. The petitioner was again sentenced to serve a term of thirty years without possibility of parole in the custody of the Mississippi Department of Corrections.

### Strange Procedural Posture

The state trial court's delay of over thirty months in entering the correct sentencing order has placed this federal petition for a writ of *habeas corpus* in an awkward posture: one in which it appears that the petitioner *has* exhausted state remedies – and *has not* exhausted them. This conundrum merits further discussion. The petitioner has initiated a state post-conviction proceeding regarding his claims and pressed it to its conclusion. Therefore, it appears that he *has* exhausted his state court remedies. The petitioner was, however, premature in the prosecution of his state post-conviction proceeding because he had no valid sentencing order as the basis for his claims. The trial court did not issue a proper sentencing order in the petitioner's criminal case until May 5, 2006. Therefore, the petitioner's conviction did not become final until after that date. The instant federal *habeas* petition was filed March 3, 2006, more than a month *before* the delayed sentencing order was filed in state court. Therefore, it also appears that the petitioner has *not* exhausted his state court remedies as to the valid sentencing order. For the reasons set forth below, the court finds that the petitioner has exhausted state court remedies for his federal *habeas corpus* claims.

The strange posture of the instant case is entirely attributable to the state. The parties and the state courts, however, appear to have proceeded as if a second sentencing order had been

entered after the hearing on resentencing. Rather than attempting a slavish application of the federal *habeas corpus* statutes regarding timeliness to a situation never anticipated by Congress, the court shall use a practical approach.

The state entered the second sentencing order May 5, 2006. That order was identical in effect to the first sentencing order, which the Mississippi Supreme Court found defective only because it was entered without the benefit of a hearing. Obviously, the trial court's failure to enter the order immediately after the October 23, 2003 sentencing hearing was an oversight, and this court sympathizes with the trial court's efforts to rectify the situation once it came to light. The petitioner, however, moved forward on October 7, 2005, with his state application for post-conviction relief, which was denied October 27, 2005.

The petitioner's conviction became final, and the statute of limitations for federal *habeas corpus* relief began to run, when the time for seeking *certiorari* review expired, ninety days after the state supreme court affirmed the petitioner's conviction. *Roberts v. Cockrell*, 319 F.3d 690, 693 (5th Cir. 2003) ("[A] state prisoner's conviction becomes final for purposes of § 2244 ninety days after the judgment is entered, when the time to file a petition for writ of *certiorari* with the Supreme Court has expired." (citations omitted)). Therefore, the petitioner's conviction became final on August 3, 2006 (May 5, 2006 + ninety days). However, due to the events described above, the petitioner's claims had already been presented to the Mississippi Supreme Court and rejected by October 7, 2005. Therefore, strangely, the petitioner "exhausted" his state remedies before his sentence even became final. Despite the meandering path this case has taken, the petitioner now stands before this court with a timely petition for a writ of *habeas corpus* setting forth claims presented to and rejected by the Mississippi Supreme Court. The court can discern no logical reason to dismiss these claims as untimely.

There are three lines of reasoning leading the court to conclude that the instant petition should proceed. First, the exhaustion requirement may be excused if seeking state remedies would be futile. *Layton v. Carson,* 479 F.2d 1275, 1276 (5th Cir. 1973) (when the highest state court has recently decided a federal issue contrary to the applicant's position, review in the state system is futile).[2] Similarly, an applicant is not required to seek further relief in state court after the state's highest court has reviewed his case. *Humphrey v. Cady,* 405 U.S. 504, 516 n. 18, 92 S.Ct. 1048, 1055 n. 18, 31 L.Ed.2d 394 (1972); *Wilwording v. Swenson,* 404 U.S. 249, 251, 92 S.Ct. 407, 409, 30 L.Ed.2d 418 (1971). Finally, the petitioner's conviction did not become final until after the conclusion of direct review, 28 U.S.C. § 2244(d)(1)(A), which would not appear to be complete until the trial court corrects its sentencing error in accordance with the holding of the Mississippi Supreme Court. All three rules apply in this case. The Mississippi Supreme Court has already decided the issues presented in this petition against the petitioner. Indeed, the supreme court recently rejected the petitioner's claims in his application for post-conviction relief. Finally, as the second sentencing order was not entered until May 5, 2006, *after* the instant petition was filed, the petition was not late. If anything, it was premature.

---

[2]This holding, while rational, may have been overruled by the passage of the Antiterrorism and Effective Death Penalty Act, which includes the following language in 28 U.S.C. § 2254(b):
> An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State; or . . . there is an absence of available State corrective process; or . . . circumstances exist that render such process ineffective to protect the rights of the applicant.

The court will not engage in the "needless judicial ping-pong"[3] of dismissing this petition so that the petitioner can return to the state courts to "exhaust" his claims. The Mississippi Supreme Court has already rejected the claims. The petitioner now stands before the court with a timely petition setting forth claims presented to and rejected by the Mississippi Supreme Court. As such, the state's motion to dismiss the instant petition as untimely filed is hereby **DENIED**. In light of this order, the court hereby sets a **DEADLINE** of January 2, 2007, for the state to answer the instant petition.

**SO ORDERED,** this the 24th day of October, 2006.

 /s/ Michael P. Mills
 **UNITED STATES DISTRICT JUDGE**

---

[3] Although the Fifth Circuit used the "needless judicial ping-pong" language in discussing procedural default, the same concept applies in this scenario. *Sones v. Hargett*, 61 F.3d 410 (5th Cir. 1995).